| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| RONALD CHAD FERGUSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:10-CV-107 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Ronald Chad Ferguson, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the motion be granted to allow re-sentencing in light of the Fifth Circuit ruling in *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008).

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Movant's objections are without merit. Movant asserts that counsel's performance should have been found deficient because of the Fifth Circuit's ruling in *United States v. Fambro*, 526 F.3d 836 (5th Cir. 2008). As noted in *Constante*,

however, the Fifth Circuit avoided ruling on this issue in *Fambro* because the defendant raised the issue for the first time in his reply brief.  *See Constante*, 544 F.3d at 586.  *Constante* addressed the issue advanced by Movant, but was not decided until after Movant had been convicted and sentenced.  Accordingly, counsel was not deficient for failing to raise the issue.  Therefore, Movant's objections should be overruled.

Although the movant's sentence will be vacated, any challenge to the conviction itself lacks merit.  An appeal from a judgment denying a motion under section 2255 may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the movant need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the movant has not shown that any of the issues raised by his claims are subject  to debate among jurists of reason.  The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position.  In addition, the questions

presented are not worthy of encouragement to proceed further.  Therefore, the movant has failed

to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly,

a certificate of appealability shall not be issued.

### ORDER

Accordingly, Movant's objections are **OVERRULED**.  The findings of fact and

conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate

judge's recommendation.

SIGNED at Beaumont, Texas, this 19th day of September, 2012.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE